UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Peter J. Wirs,  )
Trustee of the Lincoln Charitable Trust  )
  )
              *Petitioner*,  )
  )
          v.  )    Civil No. 17-1254 (RCL)
  )
Republican National Committee,  )
  )
             *Respondent.*  )
  )

## MEMORANDUM OPINION

On June 9, 2017, Peter J. Wirs, Trustee of the Lincoln Charitable Trust ("Petitioner"), filed a Petition to Confirm Arbitration Award ("Petition") against Republican National Committee ("Respondent"). ECF No. 1. Specifically, the Petition asks this Court to confirm a purported arbitration award against Respondent in the amount of $20 million.

On November 22, 2017, Respondent moved to dismiss the Petition pursuant to Rule 12(b)(1), on the basis that this Court lacks subject matter jurisdiction and, in the alternative, pursuant to Rule 12(b)(6) for failing to state a claim upon which relief may be granted. ECF No. 7. For the reasons stated below, the Court **GRANTS** the Motion to Dismiss.

The *Rooker-Feldman* doctrine, which derives its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), applies in certain circumstances to preclude a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). Specifically, the doctrine applies to "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

This is just such a case. Petitioner asks this Court to confirm a $20 million arbitration award, which Pennsylvania courts ruled to be invalid and refused to confirm. *See Roosevelt-Bentman Trust for Am. Voters*, No. 608 IV of 2014, 2015 WL 537459 (Pa. Com. Pl. Feb. 2, 2015) (Trial Order); *Roosevelt-Bentman Trust for Am. Voters Inter Vivos Trust*, No. 796 EDA 2015, 2016 WL 783628 (Pa. Super. Ct. Feb. 29, 2016). Petitioner tries to avoid the application of *Rooker-Feldman* by noting that the Pennsylvania decisions related to a 2009 arbitration award, as opposed to a 2016 award. ECF 20 at 13. However, Petitioner admits that the 2016 award was simply a reissuance of the 2009 award. ECF 1 at ¶ II(4)-(8). The award, therefore, results from the same faulty arbitration process undergirding the Pennsylvania courts' opinions.

To grant Petitioner his desired relief, the Court effectively would have to conduct a *de novo* review of the ruling rendered by the Pennsylvania Court of Common Pleas and affirmed by the Superior Court. Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482. As such, this Court has no jurisdiction.[1] The Court therefore **GRANTS** the defendant's Motion to Dismiss, ECF 7, on that ground. The case is **DISMISSED**. A separate Order accompanies this Memorandum Opinion.

---

[1] Even if this Court were to have jurisdiction, Petitioner's claims would be barred by preclusion law, as the Full Faith and Credit Act "requires [a] federal court to 'give the same preclusive effect to a state-court judgment as another court of that state would give." *Exxon Mobil*, 544 U.S. at 293 (quoting *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523 (1986)). The legal and factual questions raised by Petitioner were fully litigated in the Pennyslvania courts and *res judicata* precludes consideration of the Petition.

2

It is **SO ORDERED**.

Date: May 16, 2018

*Royce Lamberth*

Royce C. Lamberth

United States District Judge